UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
A.G.L., an Infant under the age of 14 years, by his Parent
and Natural Guardian, ELIZABETH LUIS, and
ELIZABETH LUIS, Individually,

                Plaintiffs,                        **VERIFIED COMPLAINT**

    -against-

UNITED STATES OF AMERICA,                 **Civil Case No.:**

                Defendants.
-----------------------------------------------------------------------X

       Plaintiffs, by and through their attorneys, Bonina & Bonina, P.C., complaining of the defendant herein as and for a Verified Complaint in the above entitled action, respectfully show to this Court, and allege upon information and belied, as follows:

**FIRST:**

       Plaintiffs demand a trial by jury.

**SECOND:**

       That this case falls within one or more exceptions of CPLR §1602.

**THIRD:**

       That at the time of the malpractice, the plaintiff, ELIZABETH LUIS was and had been a resident of the County of Orange, City of Newburgh and State of New York.

**FOURTH:**

That at the present time, the plaintiff, ELIZABETH LUIS, is a resident of the County of Orange, City of Newburgh and State of New York.

**FIFTH:**

That at the time of the malpractice, the infant plaintiff, A.G.L. was and had been a resident of the County of Orange, City of Newburgh and State of New York.

**SIXTH:**

That at the present time, the plaintiff, A.G.L., is a resident of the County of Orange, City of Newburgh and State of New York.

**SEVENTH:**

That at all times mentioned herein, the plaintiff, A.G.L., is, was and has been an infant under the age of 14 years, having been born in 2015.

**EIGHTH:**

That at all times mentioned herein, the plaintiff, ELIZABETH LUIS, was, is and has been the mother and natural guardian of the infant plaintiff, A.G.L.

**NINTH:**

At all times mentioned herein, the defendant, THE UNITED STATES OF AMERICA "USA", through the United States Public Health Services and United States Department of Health & Human Services employed DANIEL PAGNANI, M.D. and ANHTHO TRAN KASHYUP, M.D. pursuant to the Public Health Services Act, 42 USC ¶ 233, as amended by the federally supported Health Centers Assistance Act of 1995, for purposes of coverage by the Federal Tort Claims Act.

**TENTH:**

At all times mentioned herein, defendant "USA," owned, operated, supervised, maintained, funded and/or controlled certain premises, namely, THE GREATER HUDSON VALLEY FAMILY HEALTH CENTER, INC. within the County of Orange, City of Newburgh

and State of New York, for the acre of sick and ailing persons and for other individuals requiring medical care and attention, including the plaintiffs herein.

**ELEVENTH:**

At all times mentioned herein, defendant "USA" for consideration offered to render competent and adequate medical services, nursing services, emergency services, ambulance services, patient transportation services, operating services, recovery room services, radiology services, laboratory services, pharmacy services, diagnostic and treatment services, surgical services, anesthesia services in general, all necessary services to give proper, adequate and competent medical care and attention to members of the general public, or more importantly, to the plaintiffs herein and further held itself out to such individuals as having the necessary personnel, equipment, supplies or facilities to perform the same.

**TWELFTH:**

At all times mentioned herein, DANIEL PAGNANI, M.D., hereinafter referred to as "PAGNANI," was a Federal employee and maintained offices for the practice of medicine and/or did engage in the practice of medicine within the County of Orange, City of Newburgh and State of New York.

**THIRTEENTH:**

At all times mentioned herein, PAGNANI, held himself out to the general public, and more particularly the plaintiffs herein, as a duly qualified and/or licensed physician and/or surgeon capable of practicing medicine and/or surgery within the State of New York.

**FOURTEENTH:**

At all times mentioned herein, PAGNANI, for a consideration, offered to render proper, adequate and competent medical services, surgical services, including pre and post-surgical

services, examination services, diagnostic services, prescription services, radiology services, laboratory services, treatment services and in general all necessary services to give proper, adequate and competent medical care and attention to members of the general public, and more particularly the plaintiffs herein, and further held himself out to such individuals as having the necessary and requisite skill, expertise, training, education and/or support personnel, equipment, supplies, diagnostic, laboratory, radiological and/or hospital facilities to perform the same up to the standards of such care prevailing within the local, state and national community.

**FIFTEENTH:**

At all times mentioned herein, ANHTHO TRAN KASHYUP, M.D., hereinafter referred to as "KASHYUP," is, was and has been a Federal employee and maintained offices for the practice of medicine and/or did engage in the practice of medicine within the County of Orange, City of Newburgh and State of new York.

**SIXTEENTH:**

That at all times mentioned herein, KASHYUP, held herself out to the general public and more particularly the plaintiffs herein, as a duly qualified and/or licensed physician and/or surgeon capable of practicing medicine and/or surgery within the State of New York.

**SEVENTEENTH:**

That at all times mentioned herein, KASHYUP, for a consideration, offered to render proper, adequate and competent delivery services, medical services, surgical services, including pre and post-surgical services, examination services, diagnostic services, prescription services, radiology services, laboratory services, treatment services and in general all necessary services to give proper, adequate and competent midwife and/or medical care and attention to members of the general public, and more particularly the plaintiffs herein, and further held herself out to such

individuals as having the necessary and requisite skill, expertise, training, education and/or support personnel, equipment, supplies, diagnostic, laboratory, radiological and/or hospital facilities to perform the same up to the standards of such care prevailing within the local, State and National Community.

**EIGHTEENTH:**

That at all times mentioned herein, GREATER HUDSON VALLEY FAMILY HEALTH CENTER, INC., hereinafter referred to as "HUDSON VALLEY," was and still is a corporation, duly existing pursuant to the laws of the State of New York, and doing business within the County of Orange, City of Newburgh and State of New York.

**NINETEENTH:**

That at all times mentioned herein, HUDSON VALLEY owned, operated, supervised, maintained and/or controlled certain premises within the County of Orange, City of Newburgh and State of New York, for the care of sick and ailing persons, and for other individuals requiring medical care and attention including the plaintiffs herein.

**TWENTIETH:**

That at all times mentioned herein, HUDSON VALLEY, for a consideration, offered to render competent and adequate medical services, midwifery services, nursing services, emergency room services, ambulance services, patient transportation services, operating room services, recovery room services, radiology services, laboratory services, labor and deliver services, obstetrical services, gynecological services, pharmacy services, diagnostic and treatment services, surgical services, including pre-operative and post-operative services, anesthesia services, and in general all necessary services to give proper, adequate and competent medical care to members of the general public, and more particularly the plaintiffs herein, and

further held itself out to such individuals as having the necessary personnel, equipment, supplies and facilities to perform the same.

**TWENTY-FIRST:**

On December 19, 2017, plaintiffs filed their administrative claim. To date, plaintiffs have not received a Notice of Final Determination, however, more than six months have passed since the filing of the SF-95 claim.

**TWENTY-SECOND:**

Jurisdiction is proper in this Court pursuant to the Federal Tort Claims Act, 28 USC §2675(a), 28 USC §1346(b), 28 USC §§2671-80 and 28 USC §2679(d)(1) because the plaintiff and infant plaintiff received medical treatment from Drs. Pagnani and Kashyup and Hudson Valley all of which are employees of the "USA." Jurisdiction is also proper as plaintiffs filed an Administrative Claim six months from the date of said filing has passed.

<u>**VENUE**</u>

**TWENTY-THIRD:**

Venue is proper in this Court pursuant to 28 USC §2401(b), 28 USC §1346(b), and 28 USC §§2671-2680.

**AS AND FOR A FIRST CAUSE OF ACTION TO RECOVER MONETARY DAMAGES FROM DEFENDANT UNDER THE THEORY OF DEPARTURES FROM ACCEPTED MEDICAL PRACTICE ON BEHALF OF THE INFANT PLAINTIFF, A.G.L. <u>BY HIS PARENT AND NATURAL GUARDIAN, ELIZABETH LUIS</u>**

**TWENTY-FOURTH:**

The plaintiffs, repeat and reiterate and realleges each and every allegation set forth in paragraphs "FIRST" through "TWENTY-THIRD" of this Verified Complaint, with the same force and effect as though said allegations were herein fully set forth at length.

**TWENTY-FIFTH:**

That in reliance upon the foregoing, the plaintiffs, ELIZABETH LUIS and A.G.L. during a continuous course of treatment beginning on or about May 1, 2014 and ending on or about February 1, 2015, came under and/or submitted to the care and attention of the defendant.

**TWENTY-SIXTH:**

That at all times mentioned herein, the plaintiffs related a history, various complaints, signs, symptoms, pains, sensations and other physical and/or mental occurrences to the defendant and/or its agents, servants, associates, partners and/or employees.

**TWENTY-SEVENTH:**

That at all times mentioned herein, the plaintiffs submitted to various tests, examinations, procedures, treatments and techniques, both oral and physical, performed by or at the special instance and request of the defendant, its agents, servants, associates, employees and/or partners.

**TWENTY-EIGHTH:**

That at all times mentioned herein, the defendant, its agents, servants, associates, partners and/or employees, were aware of or should have been aware of the results, import, findings and/or consequences of this history, complaints, signs, symptoms, pains, sensation and occurrences being experienced by the plaintiffs, as well as the results, import, findings and/or consequences of the tests, examinations, procedure, treatments and/or techniques performed on the plaintiffs, by the said defendant, its agents, servants, employees, associates and/or partners.

**TWENTY-NINTH:**

That in view of the foregoing, the course of treatment, advice, diagnosis, medical care and attention, prescriptions, tests, examinations, studies, surgery, pre and post-surgical care, procedures and/or techniques given to and/or performed on the plaintiffs by the defendant, its

agents, servants, associates, partners and/or employees was not in accord with the accepted standards of the proper practice of medicine, which are generally recognized within the local, state of national community.

**THIRTIETH:**

That the defendant, individually, and/or jointly and/or concurrently, with its agents, servants, associates, partners and/or employees, by acts of commission and/or omission were negligent, careless and reckless and departed from accepted practices in that they:

a.      failed and omitted to make a timely deliver the infant plaintiff;

b.      failed and omitted to timely perform a Cesarean section;

c.      failed and omitted to timely induce labor;

d.      failed and omitted to timely recognize indications for performing a Cesarean section;

e.      failed and omitted to timely recommend and/or timely consider performance of a Cesarean section;

f.      failed and omitted to apply and/or timely apply and/or properly apply fetal heart monitors, both external and internal;

g.      failed and omitted to apply fetal heart monitors including internal and external while plaintiff was in the triage area;

h.      failed and omitted to apply fetal heart monitors, both internal and external, while plaintiff was in the labor and delivery unit;

i.      failed and omitted to monitor and/or properly monitor fetal well-being during the labor period as a result of failing to apply and/or properly apply and/or timely apply fetal heart monitors, both internal and external;

j.      failed and omitted to have a fetal heart monitor available to apply to plaintiff;

k.      negligently, carelessly and recklessly failed to attach appropriate significance and take appropriate medical steps upon seeing that the fetal monitor strips were non-reassuring;

l.      failed and omitted to properly monitor the infant plaintiff for oxygen deprivation;

m.      failed and omitted to take appropriate steps following plaintiff's rupture of membranes;

n.      failed and omitted to recognize and/or timely recognize signs of fetal bradycardia;

o.      failed and omitted to attach appropriate significance of the fetal bradycardia;

p.      failed and omitted to request necessary medical personnel for performance of a caesarean section;

q.      failed and omitted to properly perform and/or timely perform a scalp PH;

r.      failed and omitted to consider performing a scalp PH;

s.      failed and omitted to administer proper post-delivery care to the infant plaintiff;

t.      failed and omitted to have an adequate number of neonatalogists working at St. Luke's at the time plaintiff was in labor;

u.      caused, allowed and permitted plaintiff to suffer severe global developmental delays;

v.      negligently, carelessly, and recklessly, violated the rules and/or regulations of St. Luke's;

w.      failed and omitted to recognize fetal distress;

x.      failed and omitted to timely address fetal distress;

y.      failed and omitted to properly address fetal distress;

z. failed and omitted to properly read the fetal heart tracings;

aa. failed and omitted to timely review the fetal heart tracings;

bb. failed and omitted to attach appropriate significance to the fetal heart tracings;

cc. failed and omitted to recognize and/or timely recognize indications of fetal distress;

dd. failed and omitted to conduct and/or timely conduct a biophysical profile;

ee. failed and omitted to timely diagnose the loss of oxygen to the infant plaintiff prior to delivery;

ff. failed and omitted to timely diagnose and address infant plaintiff's fetal distress;

gg. failed and omitted to properly monitor the infant plaintiff for oxygen deprivation;

hh. failed and omitted to properly monitor labor and delivery;

ii. failed and omitted to attach appropriate significance to the length of time that plaintiff had been experiencing contractions;

jj. failed and omitted to respond and/or timely and/or adequately respond to the length of time that plaintiff had been experiencing contractions;

kk. failed and omitted to take appropriate steps to deal with  the length of time that plaintiff had been experiencing contractions;

ll. failed and omitted to take appropriate steps to deal with fetal bradycardia;

mm. failed and omitted to timely react to the fetal bradycardia and prolonged fetal bradycardia;

nn. failed and omitted to timely and/or properly perform doppler studies to determine adequate maternal/fetal blood flow;

oo. failed and omitted to consider performing doppler studies to determine adequate

maternal/fetal blood flow;

pp. failed and omitted to consider and/or timely consider placing internal monitoring of the fetal heart;

qq. failed and omitted to attach and/or timely attach an internal monitoring of the fetal heart;

rr. failed and omitted to understand the indication for internal monitoring of the fetal heart;

ss. failed and omitted to order and/or timely order internal monitoring of the fetal heart;

tt. failed and omitted to perform and/or timely perform internal monitoring of the fetal heart;

uu. failed and omitted to order and/or recommend that a biophysical profile be performed during the prenatal, labor and delivery periods;

vv. failed and omitted to perform a non-stress test and/or biophysical profile during the prenatal, labor and delivery periods;

ww. failed and omitted to attach appropriate significance to late decelerations present on the fetal heart tracings;

xx. failed and omitted to recognize and/or timely recognize late decelerations in the fetal heart tracings;

yy. failed and omitted to properly monitor fetal well-being;

zz. failed and omitted to timely diagnose loss of oxygen to the infant plaintiff prior to delivery;

aaa. failed and omitted to properly monitor the infant plaintiff for oxygen deprivation;

bbb.   failed and omitted to properly monitor labor and delivery;

ccc.   failed and omitted to have pediatricians present at the time of delivery;

ddd.   failed and omitted to refer plaintiff to appropriate specialists during the labor and delivery period;

eee.   failed and omitted to understand signs of fetal distress, including but not limited to, passage of meconium, fetal heart rate decelerations, and diminished fetal heart rate variability;

fff.   failed and omitted to perform proper and timely tests, examinations, procedures, studies,  surgery, pre and post-surgical care, and in general in giving medical care, attention, treatment and/or care to plaintiffs;

ggg.   failed and omitted to understand the clinical analysis, laboratory analysis, history, physical  examination, complaints, pains, signs, and/or symptoms so that a proper diagnosis could be made and/or a proper course of treatment given;

hhh.   failed and omitted to conform to the accepted standards of care and skill in giving advice, treatment, prescriptions, examinations, information, services, surgery, pre and   post-surgical   care;   attention,   studies,   laboratory   and/or   radiological examinations and/or facts to the plaintiff herein;

iii.   failed and omitted to use their best judgment and reasonable care in their medical care, attention, services, treatment, diagnosis and other medical services rendered on behalf of the plaintiffs;

jjj.   failed and omitted to refer plaintiff to appropriate specialists during the prenatal period;

kkk.   failed   and   omitted   to   attach   appropriate   significance   to   the   episodes   of

decelerations and/or the slowing of the fetal heartbeat;

lll.    failed and omitted to call an OB/GYN in to evaluate plaintiff in a timely fashion;

mmm. failed and omitted to attach appropriate significance to the plaintiff's vaginal bleeding during her prenatal treatment;

nnn.   failed and omitted to monitor the plaintiff closely during her prenatal treatment;

**THIRTY-FIRST:**

That solely as a result of the negligence and/or medical malpractice of the defendant, and/or its agents, servants, associates, partners and/or employees, and without any negligence or culpable conduct on the part of the plaintiffs contributing thereto, the infant plaintiff was caused to sustain the injuries which are hereinafter referred to.

**THIRTY-SECOND:**

That as a result of the negligence and/or medical malpractice, as aforesaid, the infant plaintiff, A.G.L. became, still is and for a long time to come will be sick, sore, lame, bruised, injured and wounded in and about the various parts of his head, brain, internal organs, body and including surrounding muscles, tissues, arteries, veins, blood vessels, cells and other parts of infant plaintiff's body and also sustained psychic injuries and/or mental anguish and agony and was otherwise injured and upon information and belief said injuries are permanent; that by reason of the foregoing the infant plaintiff, A.G.L., was obliged to and did necessarily employ medical aid, medicinals, hospital aid and other treatment in an attempt to cure himself of said injuries and has been prevented from performing his duties and will be so prevented for a long time to come.

**THIRTY-THIRD:**

That by reason of the foregoing departures from accepted medical practices, the infant plaintiff, A.G.L., has been damaged by the defendant herein and seeks a monetary award and damages which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction over the defendant herein.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST**
**THE DEFENDANT BY THE PLAINTIFF, ELIZABETH LUIS**
**<u>TO RECOVER A MONETARY AWARD FOR LOSS OF SERVICES</u>**

**THIRTY-FOURTH:**

That the plaintiff, ELIZABETH LUIS, repeats, reiterates and realleges each and every allegation of the Complaint, set forth in paragraphs "FIRST" through "THIRTY-THIRD," both inclusive, with the same force and effect as though said allegations were herein full set forth at length.

**THIRTY-FIFTH:**

That at all times mentioned herein, the plaintiff, ELIZABETH LUIS, was and still is the parent and natural guardian of the infant plaintiff, A.G.L., and as such the plaintiff, ELIZABETH LUIS, is entitled to the services, care and companionship of the said infant plaintiff and is responsible for the medical care and expenses incurred on behalf of said child.

**THIRTY-SIXTH:**

That as a result of the negligence of the defendant as aforesaid, the plaintiff, ELIZABETH LUIS, has been deprived of the services of the infant plaintiff and has incurred expenses for medical treatment, care and attention by physicians and other medical expenses as a result of the injuries sustained by the infant plaintiff.

**THIRTY-SEVENTH:**

That as a result of the foregoing, the plaintiff, ELIZABETH LUIS, has been damaged by the defendant herein and seeks a monetary award and damages which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the defendant herein.

*WHEREFORE*, the plaintiff, ELIZABETH LUIS, as Mother and Natural Guardian of A.G.L., demands a monetary judgment in the form of damages against the defendant herein on the First Cause of Action, in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of this action; together with the costs and disbursements of this action.

*WHEREFORE*, plaintiff, ELIZABETH LUIS, as Parent and Natural Guardian of A.G.L., demands a monetary judgment in the form of damages against the defendant herein on the Second Cause of Action, in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of this action.

*WHEREFORE*, plaintiffs demand a trial by jury on all issues.

Dated: Brooklyn, New York
          June 20, 2018

"I have read the foregoing and I certify that, upon information and belief, the source of which is the review of a file maintained by my office, that the foregoing Summons, Verified Complaint and Certificate of Merit is not frivolous as defined in subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator."

Amy L. Insler, Esq.
Bonina & Bonina, P.C.
Attorneys for Plaintiffs
16 Court Street – Suite 1800
Brooklyn, New York 11241
Phone No.: (718) 522-1786

{00128092}                                         15

## CERTIFICATE OF MERIT
## PURSUANT TO CPLR §3012(A)(1)

I am an attorney duly licensed to practice before the Courts of the State of New York. I have reviewed the facts of this case and have consulted a physician licensed to practice medicine who is knowledgeable in the relevant issues involved in this action. On the basis of such review and consultation, it is my belief that there is a reasonable basis for the commencement of this action.

Amy L. Insler, Esq.

{00128092}                                                    16

STATE OF NEW YORK, COUNTY OF KINGS          ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐      certify that the annexed
         has been compared by me with the original and found to be a true and complete copy thereof.

**Attorney's**
**Certification**

☒      say that: I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff. I have read the annexed **SUMMONS**
**AND VERIFIED COMPLAINT** know the contents thereof and the same are true to my knowledge, except those matters therein which
are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein
not stated upon knowledge, is based on the following. By a review of a file maintained in my office.

**Attorney's**
**Verification By**
**Affirmation**

         The reason I make this affirmation instead of Plaintiff(s) is Plaintiff(s) reside(s) in a County other than the one in which I maintain my
         office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: **June 20, 2018**

------------------------------------------------------------
Amy L. Insler, Esq.

STATE OF NEW YORK, COUNTY OF KINGS          ss:

☐      being sworn says: I am the plaintiff
         in the action herein; I have read the annexed
         know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on

**Individual**
**Verification**

information and belief, and as to those matters I believe them to be true.

☐      the               of
         a corporation, one of the parties to the action; I have read the annexed
         know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on

**Corporate**
**Verification**

information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based on the following:

Sworn to before me on

------------------------------------------------------------      ------------------------------------------------------------
                                                    (Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF KINGS          ss:

       , being sworn says: I am not a party to the action, am over the age of 18 years of age and reside in
         , I served a true copy of the annexed        in the following manner:

☐      by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service
         within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

**Service By**
**Mail**

☐      by delivering the same personally to the persons at the address indicated below:

**Personal**
**Service**

☐      by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by
         the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was
         received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or

**Service By**
**Electronic**
**Means**

official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as I
indicated below:

☐      by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest
         time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

**Service By**
**Overnight**
**Delivery**

Sworn to before me on

------------------------------------------------------------      ------------------------------------------------------------
(Print signer's name below signature)                  (Print signer's name below signature)

**Civil Case No.:**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A.G.L., an Infant under the age of 14 years, by his Parent and Natural Guardian, ELIZABETH LUIS, and ELIZABETH LUIS, Individually,

Plaintiffs,

-against-

UNITED STATES OF AMERICA,

Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**BONINA & BONINA, P.C.**
Attorneys for *Plaintiff(s)*
16 Court Street, Suite 1800
Brooklyn, New York 11241
Tele. No.: (718) 522-1786
Fax No.: (718) 243-0414

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.*

*Dated:* **June 20, 2018**

Signature: _____

Print Signer's Name: Amy L. Insler, Esq.

*Service of a copy of the within* *is hereby admitted.*

*Dated:*

_____

*Attorney(s) for*

**PLEASE TAKE NOTICE**

☐ *that the within is a (certified) true copy of an*
*entered in the office of the clerk of the within named Court on*
Notice of Entry

☐ *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
*one of the judges of the within named Court,*
Notice of Settlement
*at* *on* *20* *, at* *M.*

Dated:

**BONINA & BONINA, P.C.**
Attorneys for Plaintiff(s)
16 COURT STREET
BROOKLYN, N.Y. 11241

To:
*Attorney(s) for*

{00139585}